SCOTT ERIK ASPHAUG, OSB #833674
Acting United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
Ethan.Knight@usdoj.gov
**WILLIAM M. NARUS, CASB #243633**
William.Narus@usdoj.gov
Assistant United States Attorneys
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**HAWAZEN SAMEER MOTHAFAR,**

**Defendant.**

**3:20-cr-00506-HZ**

**GOVERNMENT'S MOTION TO TAKE DEPOSITION PURSUANT TO RULE 15 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

The United States of America, by Scott Erik Asphaug, Acting United States Attorney for the District of Oregon, and Ethan D. Knight and William M. Narus, Assistant United States Attorneys, hereby respectfully submits this Motion to Take Deposition Pursuant to Rule 15 of the Federal Rules of Criminal Procedure.[1]

[1] In support of this motion, the government submits the affidavit of FBI Assistant Legal Attaché Andreas T. Aguirre as Exhibit 1.

The government is seeking the testimony of Yasir al Anzi (al Anzi), a senior ISIS official who is currently incarcerated in Iraq after having been convicted of a terrorism related offense. Al Anzi has been interviewed by the FBI in Iraq and, as described in greater detail below, has provided material information regarding this case.

## I. Pending Charges

On November 3, 2020, defendant was charged by an indictment with Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization and Providing and Attempting to Provide Material Support to a Designated Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B(a)(1), False Statements in an Immigration Application in violation of 18 U.S.C. § 1546(a), and False Statement to a Government Agency, in violation of 18 U.S.C. § 1001(a)(2). Trial is scheduled to begin on November 1, 2021.

## II. Background

The pending charges stem from defendant's provision of material support and resources to ISIS through his leadership role in ISIS media and his logistical support of its members. Defendant produced and disseminated pro-ISIS propaganda that encouraged acts of violence in coordination with ISIS' central media office and helped ISIS associates – including al Anzi – obtain email and messaging application accounts.

Over a period of years, defendant provided support to ISIS and its members. Defendant held a leadership role in Al Dura'a al Sunni (Sunni Shield), a pro-ISIS, internet-based media organization that published *Al-Anfal* newspaper and disseminated pro-ISIS information, including written and video content, as well as infographics. *Al Anfal* advocates violent jihad and in supporting the goals of the Islamic State, coordinates with the *Diwan* (ISIS central media

office) and responds to their instructions. Between November 2017 and March 2019, defendant edited, produced, published, and disseminated 32 issues of *Al-Anfal* newspaper.

Defendant also opened social media and email accounts within the United States on behalf of and to be used by ISIS supporters and ISIS officials in a manner intended to defeat the providers' security protocols. Relatedly, defendant provided counsel and logistical assistance to ISIS supporters and officials overseas.

## III. Argument

### A. Fed. R. Crim. P. 15

The government respectfully seeks an order from this Court to conduct a deposition of al Anzi pursuant to Fed. R. Crim. P. 15. That Rule provides that,

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice.

Fed. R. Crim. P. 15. Among those instances that have been held to constitute "exceptional circumstances" are situations where the prospective witness's testimony is material to the case and the witness is unavailable to appear at trial. *United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993) ("When a prospective witness is unlikely to appear at trial and his or her testimony is critical to the case, simple fairness requires permitting the moving party to preserve that testimony – by deposing the witness – absent significant countervailing factors which would render the taking of the deposition unjust."); *United States v. Korolkov*, 870 F. Supp. 60, 64–65 (S.D.N.Y. 1994). These circumstances must be established by a preponderance of the evidence. *United States v. Mostafa*, 14 F. Supp. 3d 515, 524 (S.D.N.Y. 2014). As discussed below, both materiality and unavailability requirements are met here.

The taking of the deposition to preserve the testimony does not violate the Confrontation Clause. *United States v. McGowan*, 590 F.3d 446, 456 (7th Cir. 2009) ("[T]he videotapes allowed the jury to fully experience [the witness's] testimony, to view her demeanor, to hear her voice and to determine her credibility. We have already held that there is no Confrontation Clause violation when admitting fully cross-examined testimony preserved by a properly conducted Rule 15 deposition."); *see also United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999); *United States v. McKeeve*, 131 F.3d 1, 9 (1st Cir. 1997).

Notably, under Rule 15(f), the granting of this motion does not guarantee the admissibility of the deposition at trial – the government would still need to establish the witness's unavailability at the time of trial and the Court still must evaluate its admissibility under the Federal Rules of Evidence. *Drogoul*, 1 F.3d at 1554–55; *United States v. Cooper*, 947 F. Supp. 2d 108, 114 (D.D.C 2013).

Finally, as the proposed deposition would take place outside of the United States, the government requests that the defendant's presence be waived pursuant to Fed. R. Crim. P. 15(3). Because the witness is currently incarcerated in Baghdad, Iraq, this motion and Exhibit 1 will address the logistical issues related to taking the deposition remotely.

B. Yasir al Anzi's Testimony is Material

The testimony of al Anzi is an essential part of the government's case against defendant. On November 25, 2019, al Anzi was interviewed by FBI Assistant Legal Attaché Nicole Canales and an official from the Iraqi Ministry of Interior's General Directorate of Intelligence and

/ / /

/ / /

Counterterrorism, located in Baghdad.[2] Al Anzi told the FBI that he joined ISIS in July 2014 and that he was in charge of ISIS media in the Al Anbar province in Iraq. (Ex. 2 at 9, 13).

Al Anzi said the '*ilam al-markazi* (ISIS central media or Diwan) depends "maybe 70 percent or more on the supporters." (Ex. 2 at 22). Al Anzi explained that to be a member – as opposed to a supporter – a person needed to pledge bayat, or allegiance, to ISIS in Iraq, Syria, or Yemen. (Ex. 2 at 37-38). He discussed how Islamic State supporters were sometimes more active than actual members. When asked if he could identify supporters in the United States, al-Anzi named two individuals: "Ashraf"[3] and "Abu Ubayda." (Ex. 2 at 18). Al-Anzi said he knew Abu Ubayda by two Telegram accounts: Abu Ubayda and Abu Ubayda al-Rifai. (Ex. 2 at 71-72). The FBI has confirmed that Abu Ubayda al-Rifai is the defendant. Al Anzi further told agents that he learned that Abu Ubayda was in wheelchair when the two had a private conversation about ISIS members traveling to Syria and Yemen. (Ex. 2 at 71).

Al Anzi described Abu Ubayda as active in the media, and part of a group of supporters that would prepare to publish the release on social media platforms. Additionally, al Anzi said Abu Ubayda's job was providing "new accounts when we need accounts as soon as possible." (Ex. 2 at 46). For example, on one occasion, al Anzi said Abu Ubayda provided him with an

/ / /

[2] The interview was recorded, and a copy of the recording has been provided to the defendant. The questioning was conducted in English through a translator and al Anzi usually responded in Arabic although on occasion he responded in English. In support of this motion, the government submits a transcript of the interview under seal as Exhibit 2.

[3] Ashraf al-Safoo is an alleged member of the Khattab Media Foundation. He was charged in October 2018 in the Northern District of Illinois (18-cr-00696) with Conspiracy to Provide Material Support to ISIS. As discussed in Section C, the Court in *Safoo* has permitted a deposition of al Anzi under Fed. R. Crim. P. 15 that is currently ongoing.

account with Swedish numbers. Abu Ubayda then took a photograph of a Swedish SIM card, along with the number, and told al Anzi that it was legitimate. Al Anzi said he used this number to activate a Telegram account and possibly a Facebook account. (Ex. 2 at 46, 70).

FBI agents have corroborated al Anzi's claim that defendant opened social media accounts for his use. According to records obtained by the FBI pursuant to a federal search warrant, on October 26, 2016, defendant opened a Facebook account for al Anzi that al Anzi used to coordinate activities for ISIS inside Iraq. Specifically, an examination of communications from the account shows that al Anzi was in repeated contact with ISIS associates inside Iraq about acquiring and moving explosives.

Based on the information provided during his interview, al Anzi's testimony is directly material to demonstrating that the defendant provided material support to ISIS. It confirms defendant knowingly provided and attempted to provide material support and resources, namely, personnel and services, to a designated foreign terrorist organization and it confirms defendant's direct contact with ISIS operatives located overseas. *See Holder v. Humanitarian Law Project,* 561 U.S. 1, 24 (2010) (finding service for purposes of the material support statute encompasses "advocacy performed in coordination with, or at the direction of, a foreign terrorist organization.").

C. Ashraf al Safoo

Ashraf al Safoo is charged in the Northern District of Illinois with a series of offenses arising from his support of ISIS. As detailed above, al Anzi provided material information about Safoo to the FBI on November 25, 2019. As a result of that interview, the government moved under Fed. R. Crim. P. 15 to have al Anzi deposed remotely from Iraq. The Court granted the

government's motion. *United States v. Ashraf al Safoo*, 1:18-cr-00696 (N.D. Ill, ECF No. 235, January 28, 2021).

The deposition of al Anzi began on March 4, 2021, and the government concluded its direct examination of al Anzi on that day. After the deposition began, the defense filed a motion alleging that al Anzi has been tortured and that the Iraqi authorities are withholding a copy of a sworn statement submitted by al Anzi to an Iraqi Court. The sworn statement allegedly states that al Anzi recanted his prior admissions of being a member of ISIS and that he had been coerced to make said admissions. The Court denied in part and granted in part the defendant's motion. *Safoo*, 1:18-cr-00696 (N.D. Ill, ECF No. 275, April 2, 2021). Specifically, the Court has ordered that the deposition continue in May and has ordered the government to submit a diplomatic note to the Iraqi government requesting a complete copy of the al Anzi Iraqi court file. The government does not anticipate that the pending motion or the current schedule in *Safoo* will alter al Anzi's availability to appear in this case.

D. <u>Yasir al Anzi is Unavailable to Testify at Trial</u>

A party may depose a witness only if the witness may be unavailable to attend trial. This rule contemplates a party taking deposition of only his own witness thereby comporting with a purpose of preserving testimony. *U.S. v. Rich*, C.A.9 (Wash.) 1978, 580 F.2d 929, certiorari denied 99 S.Ct. 330, 439 U.S. 935, 58 L.Ed.2d 331. "A potential witness is unavailable for purposes of Rule 15(a) when there is a 'substantial likelihood that the proposed deponent will not testify." *United States v. Sandoval*, 1997 WL 458424 at *1 (N.D. IL 1997), citing *Drogoul*, 1 F.3d at 1553. Al Anzi is an Iraqi citizen located in Iraq. As such, he is beyond the subpoena power of this Court. *United States v. Abu Ali*, 528 F.3d 210, 239 (4th Cir. 2008). More

significantly, he has been convicted by the Iraqi government of a terrorism offense and is currently incarcerated in an Iraqi detention facility. He has been sentenced to life in prison. (Ex. 1 ¶ 4). As a result of his incarceration, al Anzi is unable to travel to the United States to testify at the defendant's trial. *See United States v. Salim*, 855 F.2d 944 (2d Cir. 1988) (a witness located in France was unavailable to testify at a trial in the United States because the witness was in custody by French police awaiting her own trial).

E. Logistics

Conducting a deposition in a foreign country can raise a number of logistical issues. The parties must accommodate the presence of the defendant, establish the manner and means of taking the deposition, find a location for the deposition, and ensure the cooperation of the host country. Taking a deposition in Iraq poses additional challenges because of the current security situation in that country.

For reasons explained below, the government proposes that the deposition be conducted via a two-way, closed circuit video link with the witness in Iraq and the defendant, his counsel, and the government, in the District of Oregon. A method of conducting the deposition similar to this has already been successfully employed with al Anzi in *Safoo*.

**1. The Defendant's Presence**

Fed. R. Crim. P. 15(c)(3) states,

> The deposition of a witness who is outside the United States may be taken without the defendant's presence if the court makes case-specific findings of all of the following:…(D)(iii) for an out-of-custody defendant, no reasonable conditions will assure an appearance at the deposition or at trial or sentencing.

/ / /

/ / /

The al Anzi deposition should take place without the defendant's physical presence in Iraq for the same reasons the physical appearance of the attorneys cannot be accommodated. This will not violate the Confrontation Clause if the defendant has to ability to view the proceeding and confer with his counsel. *McKeeve*, 131 F.3d at 8–9; *Cooper*, 947 F. Supp. 2d at 110; *see also United States v. Medjuck*, 156 F.3d 916 (9th Cir. 1998) (affirming Court's order granting Rule 15 deposition of foreign witnesses without the presence of defendant where the government facilitated defendant's participation by videoconference). Under the government's proposal, the defendant will still be able to view the proceeding and confer with counsel. For the above reasons, there is good cause to conduct the deposition without the defendant's presence.

**2. Presence of the Attorneys**

Due to security concerns in Iraq, the government is requesting that the parties remain in Portland and question al Anzi via two-way video. The U.S. State Department has instituted a policy of limiting the number of U.S. personnel in Iraq to a set amount at any one time (Ex. 1, ¶ 5). If a prosecutor or defense attorney were to travel to Iraq, that would require a government employee stationed in Iraq to leave the country, possibly disrupting that individual's duties and responsibilities.

Additionally, the security situation in Iraq is volatile. The U.S. Embassy and other locations associated with U.S. persons have been subjected to aerial bombing attacks that place the safety of all personnel in jeopardy (Ex. 1, ¶ 6). Moreover, as reported in the media, recent events have resulted in heightened tensions in Iraq, particularly against the United States. As a result, on January 11, 2020, the U.S. State Department issued a new travel warning advising U.S. citizens not to travel to Iraq, citing recent damage to the Embassy compound following terrorist

attacks.[4] As a result of the situation on the ground, the U.S. government cannot guarantee the safety of defense counsel or the prosecutors. *Id*.

The government recognizes the unusual nature of its request. Typically, defense counsel would be physically present during the Rule 15 deposition to personally confront the witness.[5] This request, based on the exceptional grounds set forth above, is warranted and necessary, and not unprecedented. In *United States v. Hayat*, 2017 WL 6539610 at *6 (E.D. CA 2017), the defendant moved to take depositions of witnesses in Pakistan. The government objected due to travel warnings issued by the State Department. *Id*. The Court held "that risks to the safety of all parties who might travel to Pakistan for purposes of a deposition weighs against petitioner's motion for in-person depositions" but that "the safety issues are largely, if not completely, alleviated by petitioner's proposal of testimony depositions by video conference." *Id*.

**3. Manner and Means of Taking the Deposition**

The government has conferred with officials located in Iraq regarding the procedure for taking the deposition. Agent Aguirre has conferred with Iraqi government authorities and had received assurances that the Iraqi government will allow al Anzi to participate in the deposition (Ex. 1, ¶ 7). Agent Aguirre also states that he will arrange for al Anzi to be brought to a secure

---

[4] The State Department further advised: "Do not travel to Iraq due to terrorism, kidnapping, and armed conflict. U.S. citizens in Iraq are at high risk for violence and kidnapping. Numerous terrorist and insurgent groups are active in Iraq and regularly attack both Iraqi security forces and civilians. Anti-U.S. sectarian militias threaten U.S. citizens and Western companies throughout Iraq. Attacks by improvised explosive devices (IEDs) occur in many areas of the country, including Baghdad." https://travel.state.gov/content/travel/en/international-travel/International-Travel-Country-Information-Pages/Iraq.html#/

[5] If, at the time of taking the deposition, the security situation changes, the parties can revisit the issue of personal attendance by the attorneys.

U.S. government facility that has two-way closed-circuit television capabilities (*Id.*). At this location, the government will provide a translator who will be audible for all parties to hear (*Id.*).

The government will arrange to use a facility that will have the capability of connecting with the video feed from Iraq and will allow the defendant to be present. The defendant's counsel will be present with him, and there will be opportunities for the two to confer in the same manner as if the testimony were taking place during trial. Finally, al Anzi will be placed under oath by either an Iraqi government official, subjecting him to criminal consequences in Iraq if he were to testify falsely, or, if an Iraqi official is unable to administer an oath, by a U.S. State Department Consular Officer subjecting him to criminal consequences in the United States. *Id*. *See Abu Ali*, 528 F.3d at 241.

A procedure similar to this has been successfully employed in *Safoo*. To date, the parties have completed a portion of the deposition over video, the defendant was brought to a secure location without incident, and defense counsel was able to confer with their client. The government anticipates that this same procedure can be followed in defendant's case.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. Conclusion

For the reasons stated above, the government respectfully requests the Court grant the government's motion to take a deposition of Yasir al Anzi pursuant to Federal Rule of Criminal Procedure 15.

Dated: April 30, 2021

Respectfully submitted,

SCOTT ERIK ASPHAUG
Acting United States Attorney

*/s/ Ethan D. Knight*
ETHAN D. KNIGHT, OSB #992984
WILLIAM M. NARUS, CASB #243633
Assistant United States Attorneys