IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


UNITED STATES OF AMERICA,                    No. 3:20-cr-00506-HZ

        Plaintiff,                                   OPINION & ORDER

    v.

HAWAZEN SAMEER MOTHAFAR,

        Defendant.

Scott Erik Asphaug
Acting United States Attorney
District of Oregon
Ethan D. Knight
William M. Narus
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204

    Attorneys for Plaintiff

1 – OPINION & ORDER

Mark P. Ahlemeyer
Office of the Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Defendant Hawazen Sameer Mothafar is charged with Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization under 18 U.S.C. § 2339B(a)(1), Providing or Attempting to Provide Material Support to a Designated Foreign Terrorist Organization under 18 U.S.C. § 2339B(a)(1), making False Statements in an Immigration Application under 18 U.S.C. § 1546(a), and making a False Statement to a Government Agency under 18 U.S.C. § 1001(a)(2). The Government now moves to take a deposition of Yasir al Anzi—a senior ISIS official serving a life sentence in Iraq—and asks that Defendant's presence at the deposition be waived pursuant to Federal Rule of Criminal Procedure 15. Defendant opposes the Government's motion. For the reasons that follow, the Court grants the motion.

## BACKGROUND

      Defendant is accused of providing material support and resources to ISIS through his leadership role in Al Dura'a al Sunni (Sunni Shield), a pro-ISIS media organization. According to the Government, "Defendant produced and disseminated pro-ISIS propaganda that encouraged acts of violence in coordination with ISIS' central media office and helped ISIS associates—including al Anzi—obtain email and messaging application accounts." Gov. Mot. 2, ECF 23. In addition to producing content for and disseminating *Al-Anfal*, a pro-ISIS newspaper, Defendant is alleged to have opened social media and email accounts within the United States to be used by ISIS in circumvention of the providers' security protocols.

2 – OPINION & ORDER

In his media role, Defendant allegedly interacted with Yasir al Anzi, a senior ISIS official who is currently incarcerated in Iraq after having been convicted of a terrorism related offense. Sometime after joining ISIS in 2014, al Anzi took charge of ISIS media in the Al Anbar province in Iraq. According to al Anzi, ISIS central media—the media office that Defendant is alleged to have supported—depends significantly on its supporters. He identified two individual supporters in the United States including "Abu Ubayda," who the FBI has identified as Defendant. Al Anzi described Abu Ubayda as active in the media and as someone who would provide new accounts when they are needed. Al Anzi recalled one specific example where Abu Ubayda provided him with a Swedish SIM card, which was then used to activate one or two social media accounts. This claim was corroborated by the FBI pursuant to a federal search warrant.

## DISCUSSION

The Government brings its motion pursuant to Federal Rule of Criminal Procedure 15, which provides: "A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). "'The district court retains broad discretion in granting a Rule 15(a) motion, and considers the particular circumstances of each case to determine whether the 'exceptional circumstances' requirement has been satisfied.'" *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998) (quoting *United States v. Farfan-Carreon*, 935 F.2d 678, 679 (5th Cir. 1991)).

Defendant argues that the motion should be denied for two reasons. First, Defendant contends the Government has not met Rule 15's standard for physically excluding a Defendant from a foreign deposition. Def. Resp. 3, ECF 38. Second, Defendant argues that the Government's proposed method for taking the deposition—by closed-circuit video with the Iraqi

prison where al Anzi is currently in custody—casts doubt on the Government's argument that a deposition is required to preserve the testimony. *Id.* The Court addresses each argument in turn.

## I. Defendant's Presence

Though not an absolute right, "[t]he Sixth Amendment Confrontation Clause guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact." *United States v. Medjuck*, 156 F.3d 916, 919 (9th Cir. 1998) (internal quotations omitted). Thus, generally, "a defendant who is not in custody has the right upon request to be present at the deposition, subject to any conditions imposed by the court." Fed. R. Crim. P. 15(c)(2). As is relevant to this case, however, "[t]he deposition of a witness who is outside of the United States may be taken without the defendant's presence" if an out-of-custody defendant "cannot be present because . . . no reasonable conditions will assure an appearance at the deposition or at trial or sentencing; and the defendant can meaningfully participate in the deposition through reasonable means." *Id.* at (c)(3).

Here, the parties dispute whether the Government has established that reasonable conditions will not assure Defendant's presence. The Government argues that the deposition should take place outside of Defendant's presence because of security concerns in Iraq. Gov't Mot. 8–9, ECF 23. Defendant responds that the Government's analysis dodges the key issue under Rule 15 by inappropriately focusing on the alleged conditions in Iraq to argue that his presence should be waived. Def. Resp. 4.

The Court finds that reasonable conditions cannot assure Defendant's presence. Defendant is an Iraqi citizen charged with aiding a terrorist organization with a presence in Iraq. The security situation in Iraq is volatile. The State Department has warned against travel to Iraq due to "COVID-19, terrorism, kidnapping, armed conflict, and Mission Iraq's limited capacity to

provide support to U.S. Citizens."[1] Thus, the Government cannot guarantee safety or security of its prosecutors, agents, defense counsel, or defendant if they were to travel to Iraq for a deposition, and the Court may not be able to impose conditions to ensure Defendant's return for trial. *See United States v. Abu Ali*, 528 F.3d 210, 240–42 (4th Cir. 2008) (affirming the district court's finding that logistical and international necessities required the deposition to occur without the defendant's presence).

## II.     Whether the Deposition is Necessary to Preserve Testimony at Trial

Defendant also argues that the proposed method of conducting the deposition—through a closed-circuit video with al Anzi in Iraq—casts doubt on whether the deposition is necessary to preserve the testimony for trial. Def. Resp. 5. Specifically, Defendant emphasizes that the Government has not demonstrated "why it should be permitted to take advantage of an early deposition rather than relying on live video testimony at trial."[2] *Id.*

"While unavailability of a witness underlies the Rule 15(a) analysis, a conclusive showing of unavailability is required only to use a deposition in a criminal trial, not to allow the deposition to be taken so that the testimony can be preserved for possible eventual use." *United States v. Rodriguez-Sifuentes*, 637 F.App'x 1016, 1017 (9th Cir. 2016) (internal citations

---

[1] *Iraq Travel* Advisory, U.S. Department of State, https://travel.state.gov/content/travel/en/travel advisories/traveladvisories/iraq-travel-advisory.html (June 16, 2021).

[2] Except for the narrow arguments described above, Defendant does not otherwise appear to object to the proposed remote video format of the deposition. The Court also notes that, where travel is unsafe, other courts have considered and allowed parties to take depositions by other methods. *See U.S. v. Olafson*, 213 F.3d 435, 443 (9th Cir. 2000) (finding the district court could have ordered a phone deposition to avoid safety concerns and other administrative problems); *U.S. v. Ramos*, 45 F.3d at 1524 (11th Cir. 1995) (noting that a deposition in Colombia—which presented some safety concerns to prosecutors—"could be accomplished through written interrogatories"); *United States v. Hayat*, No. 2:05-cr-0240-GEB DB, 2017 WL 6539610, *6 (E.D. Cal. Dec. 20, 2017) (acknowledging the risk of travel to Pakistan for all parties and finding that these concerns were alleviated by conducting the deposition via video conference).

omitted). The Ninth Circuit has held that a showing that "the witnesses were beyond the subpoena power of the court and were 'unwilling, for good reason, to come to the United States' to testify" was sufficient under Rule 15(a). *Id.* (citing *Medjuck*, 156 F.3d at 920). "The Court's determination that the Rule 15 depositions may proceed 'does not determine [their] admissibility' at trial." *United States v. Cooper*, 947 F.Supp.2d 108, 114 (D.D.C. 2013). Ultimately, the Government will have to establish al Anzi's unavailability at the time of the trial if it would like to introduce the deposition. *Id*. (citing Fed. R. Evid. 804(b)(1)).

Here, there is at least a substantial likelihood that that the witnesses' attendance at trial cannot be obtained such that a deposition is necessary to preserve al Anzi's testimony. Al Anzi—as an Iraqi citizen serving a life sentence in Iraqi prison—is beyond the Court's subpoena power. According to a Special Agent with the FBI, the Iraqi government will not allow al Anzi to travel to the United States and appear as a witness at a trial. Gov't Ex. 1 (Aguirre Decl.) ¶ 4, ECF 23-1. And, as the Government states in its reply, there is no guarantee that al Anzi would be permitted to testify via video at trial.

The Court is unpersuaded by Defendant's argument that the availability of video for al Anzi's deposition—and, therefore, the possibility that he may be able to testify via live video feed—undercuts the Government's contention that a deposition is necessary to preserve al Anzi's testimony. As Defendant points out, the Iraqi government has thus far been amendable to allowing al Anzi to testify by video when needed. *See* Def. Resp. 6. But the potential availability of video testimony is not the standard for "unavailability" under Rule 15. Moreover, the diplomatic and security situation in Iraq is tumultuous, and the trial is still a year away. Given the circumstances of this case, the Court finds that the Government has demonstrated a deposition to preserve al Anzi's testimony is warranted because there is at least a substantial

likelihood that he will not be available to testify. To admit the deposition at trial, the Government must still demonstrate unavailability. Fed. R. Crim. P. 15(f).

### III.     Remaining Rule 15 Factors

As to the remaining factors the Court must consider under Rule 15, the Court finds that each has been met in this case. Fed. R. Crim. P. 15(c)(3). A deposition is warranted here because of exceptional circumstances and in the interest of justice. This case involves evidence from foreign nationals involved in terrorist activities abroad, and it is unclear whether these foreign nationals will be available to testify at trial. The Government has demonstrated that the testimony of al Anzi could provide substantial proof of a material fact in this case—namely that Defendant provided material support to a terrorist organization. Al Anzi's presence for a deposition in the United States cannot be obtained. And the Court finds that Defendant will be able to meaningfully participate with his attorney in the United States by conducting the deposition by live video. *See Medjuck*, 156 F.3d at 920 (finding that the defendant's level of involvement in the deposition was sufficient where the government "set up an elaborate system to allow [the defendant] to witness the depositions by video feed and to participate with his attorneys by private telephone connection").

### CONCLUSION

The Court GRANTS the Government's Motion to Take a Deposition Pursuant to Rule 15 of the Federal Rules of Criminal Procedure [23].

IT IS SO ORDERED.

DATED: November 29, 2021.

MARCO A. HERNÁNDEZ
United States District Judge

7 – OPINION & ORDER