**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Ethan D. Knight
Ethan.Knight@usdoj.gov
William M. Narus
William.Narus@usdoj.gov
Assistant U.S. Attorneys
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

June 12, 2023

Mark Ahlemeyer
Assistant Federal Public Defender
Office of the Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204

Re:  *United States v. Hawazen Sameer Mothafar,* Case No. 3:20-cr-00506-HZ
     Plea Agreement Letter

Dear Counsel:

1.  **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.  **Charges**: Defendant agrees to plead guilty to Count 1 of the Indictment, which charges Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization, in violation of 18 U.S.C. § 2339B(a)(1).

3.  **Penalties**: The maximum sentence is 20 years' imprisonment, a fine of $250,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), a lifetime of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

    Defendant understands that because defendant is not a citizen of the United States, defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that defendant will be subject to removal or deportation from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

4.  **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional

Mark Ahlemeyer
Re: Mothafar Plea Agreement Letter
Page 2
June 12, 2023

charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Indictment, the government must prove the following elements beyond a reasonable doubt:

The elements for Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization, in violation of 18 U.S.C. § 2339B(a)(1), are as follows:

First, the defendant knowingly conspired with others to provide material support or resources to a designated foreign terrorist organization; and

Second, the defendant knew that the organization described in the indictment is a designated terrorist organization, that the organization has engaged or engages in terrorist activity, or that the organization has engaged or engages in terrorism.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are true and undisputed and could be proved beyond a reasonable doubt:

Defendant immigrated to the United States in 2014 from Iraq. Since his arrival in the United States, defendant has lived continuously in Portland, Oregon and Troutdale, Oregon. He has been an ISIS supporter since 2014 and reaffirmed his support for ISIS in 2019.

Defendant was a co-founder of the Sunni Shield Foundation, a pro-ISIS media organization that created and published violent propaganda promoting ISIS ideology and objectives. In this role, defendant distributed tasks, appointed supervisors to lead departments, and created pro-ISIS videos and graphics. He created the Sunni Shield's first media product, which was a video of ISIS battle footage that he obtained from an official ISIS platform on Online Platform A. Defendant intended that the video would promote ISIS. In subsequent videos produced by defendant, he encouraged viewers to travel to Iraq and Syria to fight for ISIS and conduct attacks in the name of ISIS.

Defendant and other members of the Sunni Shield Foundation obtained ISIS Central Media's permission to start publishing Al Anfal, an online newspaper that promoted the goals of the Islamic State and advocated violent jihad. Defendant oversaw planning and production, and he served as a graphic designer. One of the graphics designed by defendant incited readers to attack and kill Westerners. A second graphic designed by defendant encouraged readers to conduct knife attacks against the enemies of ISIS.

Mark Ahlemeyer
Re: Mothafar Plea Agreement Letter
Page 3
June 12, 2023

Defendant communicated directly with ISIS Central Media officials, from whom he regularly took instructions about media production. He represented the Sunni Shield in a private group on Online Platform A comprised of ISIS Central Media officials and representatives of ISIS supporter groups. Within this group, ISIS media officials would pass instructions to ISIS supporter groups about official ISIS media campaigns. For example, ISIS media officials would provide details about the start and end dates of campaigns and provide content such as selected quotes from ISIS leaders that fit within the campaigns' themes. The supporter groups, including Sunni Shield, would then prepare media materials to publish in support of the ISIS campaign.

The company hosting Online Platform A regularly deleted the accounts of group members. In response to this, defendant created new accounts to preserve communications. Additionally, defendant created an account on Online Platform B for senior ISIS media official Abu Ammar, and he created accounts for the Sunni Shield co-founder. The evidence would show that these accounts were used to support ISIS.

In addition to his ISIS support through the Sunni Shield Foundation, defendant aided other pro-ISIS media organizations. For example, he provided graphic designs to the Khattab Media Foundation, assisted in the production of the Youth of the Caliphate magazine, published ISIS news on Nashr News Agency channels, worked with Fursan al-Rafa' (Knights of Uploading) to publish pro-ISIS material on websites, and assisted the Saqri Foundation with designs.

Defendant also conspired with numerous associates in furtherance of his support to ISIS. For example, defendant worked with a co-conspirator (co-conspirator 1) in the group on Online Platform A. Co-conspirator 1 was an ISIS supporter who wrote pro-ISIS propaganda. Defendant asked him to write for the Sunni Shield. Co-conspirator 1 wrote many articles for the Sunni Shield, including one for Al Anfal newspaper.

Similarly, defendant communicated with Abu Qaswara al-Shanqiti, who was designated as a Specially Designated Global Terrorist by the United States Department of State on December 21, 2016, who was incarcerated in a prison in a county in West Africa. Qaswara al-Shanqiti wrote content for Sunni Shield. Qaswara al-Shanqiti asked defendant to put him in touch with someone from ISIS because he wanted ISIS's assistance to get out of prison. In response, defendant provided Qaswara al-Shanqiti with the contact information for two ISIS officials.

On October 26, 2018, defendant knowingly signed and subscribed as true, Form N-400, an application to become a naturalized United States Citizen. As part of the N-400, defendant was asked whether he had "…been a member of or in any way associated (either directly or indirectly) with: A Terrorist Organization." In response to this question, defendant falsely stated "no" by checking a box, notwithstanding defendant's direct and substantial association with ISIS, a designated terrorist organization. Defendant repeated this false statement when, on

Mark Ahlemeyer
Re: Mothafar Plea Agreement Letter
Page 4
June 12, 2023

August 24, 2020, during an interview with an official from the United States Citizenship and Immigration Service – a component of the Department of Homeland Security – he shook his head "no" when asked if he had been involved with or knew anyone associated with any foreign terrorist organization.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2M5.3 is a Base Offense Level of 26, prior to adjustments.
    The parties agree that, pursuant to USSG § 3A1.4(a), a 12-level upward adjustment applies because the offense involved and was intended to promote a federal crime of terrorism and that, pursuant to USSG § 3A1.4(b), the defendant's criminal history category shall be Category VI.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Sentencing Recommendation**: The USAO will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

10. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

    Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

Mark Ahlemeyer
Re: Mothafar Plea Agreement Letter
Page 5
June 12, 2023

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

16. **Deadline**: This plea offer expires if not accepted by May 26 at 5:00 p.m.

Revised May 2018

Mark Ahlemeyer
Re: Mothafar Plea Agreement Letter
Page 6
June 12, 2023

Sincerely,

NATALIE K. WIGHT
United States Attorney

ETHAN D. KNIGHT
WILLIAM M. NARUS
Assistant United States Attorneys

    I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

6/13/23
Date

HAWAZEN SAMEER MOTHAFAR
Defendant

    I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

6/13/23
Date

MARK AHLEMEYER
Attorney for Defendant

    I have translated the above document verbatim to defendant as the interpreter in this case. I fully and accurately translated discussions between defendant and the attorney.

6/13/223
Date

Interpreter